**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4764**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN J. WASHINGTON, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:17-cr-00027-FPS-JPM-1)

Submitted: July 17, 2019                    Decided: August 22, 2019

Before GREGORY, Chief Judge, NIEMEYER, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Tracy Weese, Shepherdstown, West Virginia, for Appellant. William J. Powell, United States Attorney, Martinsburg, West Virginia, Robert H. McWilliams, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin J. Washington, Jr., appeals the 63-month sentence imposed following his guilty plea to distributing an unspecified quantity of oxycodone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). The lone issue presented for our consideration is whether the district court clearly erred in determining the drug quantity attributable to Washington for sentencing purposes. We reject this argument and affirm the criminal judgment.

In reviewing any federal sentence, we are charged with first ensuring that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, or failing to adequately explain the sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). In evaluating a challenge to the district court's computation of a defendant's Guidelines range, this court reviews for clear error the underlying factual determinations made by the district court and reviews de novo its relevant legal conclusions. *See United States v. Alvarado Perez*, 609 F.3d 609, 612 (4th Cir. 2010).

Of course, "the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes" is a classic factual determination and thus reviewed only for clear error. *United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013) (internal quotation marks omitted). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (internal quotation marks omitted).

2

The Government must prove the drug quantity attributable to the defendant by a preponderance of the evidence. *United States v. McGee*, 736 F.3d 263, 271 (4th Cir. 2013). "Under the Guidelines, the drug quantities that may be attributed to the defendant include the quantities associated with the defendant's offense of conviction and any relevant conduct." *United States v. Flores-Alvarado*, 779 F.3d 250, 255 (4th Cir. 2015). Where, as here, "the drug quantity is not proven by actual seizures or comparable direct evidence, the government must present evidence from which the sentencing court may approximate the quantity." *United States v. Bell*, 667 F.3d 431, 441 (4th Cir. 2011) (internal quotation marks omitted). "When determining facts relevant to sentencing, such as an approximated drug quantity, the Sentencing Guidelines allow courts to consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." *Crawford*, 734 F.3d at 342 (internal quotation marks omitted).

After conducting an extensive sentencing hearing, the district court made two factual findings that it used to calculate the drug quantity attributable to Washington: (1) that Washington sold 30-milligram oxycodone tablets for $20/pill; and (2) that a total of $84,800 was attributable to Washington's drug distribution efforts. Dividing this amount by the price-per-pill, the district court determined that Washington was accountable for selling 127.2 grams of oxycodone. This, in turn, converts to 850.9 kilograms of marijuana, which corresponds with base offense level 28. *See* U.S.

Sentencing Guidelines Manual § 2D1.1 app. n.8(D) (Drug Equivalency Tables) (2016); *see also* USSG § 2D1.1(c)(6).

To determine the price-per-pill, the district court relied on the sentencing testimony of one of Washington's coconspirators, who the district court acknowledged was not entirely credible. Washington assigns error to the court's reliance on this testimony to determine this fact, but we conclude that the court was within the bounds of its considerable discretion in crediting this aspect of the coconspirator's testimony— despite acknowledging other areas in which the testimony was less credible. *See United States v. Slade*, 631 F.3d 185, 188 (4th Cir. 2011) ("[I]t is within the discretion of the district court to credit the testimony of these witnesses who discussed [the defendant's] involvement in the drug trade."). Washington next claims that the court clearly erred in determining the amount of money attributable to his drug distribution efforts but, upon review, we find there is sufficient record support for this factual finding. *See Wooden*, 887 F.3d at 602; *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (explaining that a reviewing court cannot "reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently").

We affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*